**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:06cr00009** |
| | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| **DAVID SHAWN HICKS,** | ) | |
| **Defendant** | ) | **By: PAMELA MEADE SARGENT** |
| | ) | **United States Magistrate Judge** |

*I. Background*

This case is before the court on the defendant's motion to dismiss the indictment, (Docket Item No. 18), ("the Motion"). The Motion asserts that the indictment issued in this matter is deficient in various ways and, as a result, should be dismissed. This matter is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned conducted a hearing on the Motion on March 20, 2006. Subsequent to that hearing, a grand jury issued a superseding indictment against the defendant on March 21, 2006. As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

*II. Facts*

This case is the result of the government's investigation of the death of a pretrial detainee, Tina Stiltner, while in the custody of the Buchanan County, Virginia, Sheriff's Department on January 31, 2002. Many of the facts surrounding Stiltner's arrest and subsequent death appear undisputed. In particular, it appears undisputed

-1-

that Stiltner was arrested by a Buchanan County Sheriff's deputy at approximately 8:30 a.m. on January 31, 2002, on charges of operating a motor vehicle under the influence of drugs and two counts of felony child endangerment. Stiltner was taken to the Buchanan County Jail, where at approximately 11:43 she was placed by herself in a small holding cell.

It is alleged that the defendant, David Shawn Hicks, who was a jailer working at the Buchanan County Jail on January 31, 2002, has testified that he saw Stiltner alive sitting in the cell reading her arrest paperwork at 2:30 p.m. Minutes later, Stiltner was found unconscious on her knees laid up against the cell door. Stiltner was eventually transported to the Buchanan County General Hospital, where she was pronounced dead at 3:01 p.m. According to an autopsy performed by the assistant chief medical examiner for western Virginia, Stiltner died from "ligature compression of her neck ... consistent with either death from self-hanging or death at the hands of another from strangulation."

Subsequent to her death, a civil action was filed in this court by Stiltner's father against Hicks and David Lee McClanahan, another deputy sheriff, asserting a cause of action under 42 U.S.C. § 1983 for excessive force and denial of medical treatment and a pendent state cause of action for wrongful death based on negligence. *William E. Stiltner, Administrator of the Estate of Tina G. Stiltner v. David Shawn Hicks and David Lee McClanahan, Buchanan County Deputy Sheriffs,* Civil No. 1:03cv00078 (W.D. Va. July 10, 2003) In relation to that civil case, Hicks provided certain discovery responses and provided deposition testimony. On August 2, 2004, the court entered summary judgment in the defendants' favor and dismissed the civil action.

-2-

Case 1:06-cr-00009-JPJ-PMS   Document 32   Filed 03/28/06   Page 2 of 8   Pageid#: 87

On November 3, 2005, Hicks appeared and testified before a federal grand jury in Roanoke, Virginia. On January 19, 2006, a federal grand jury indicted Hicks. Hicks was initially charged in a seven-count indictment with two counts of obstructing justice in violation of 18 U.S.C. § 1512(c)(2) and five counts of perjury in violation of 18 U.S.C. § 1623.

Defense counsel moved to dismiss the initial indictment claiming that it was deficient in that:

1. Counts One and Two of the indictment failed to identify what conduct the government alleged that the defendant had committed to obstruct justice;
2. Counts Two, Six and Seven, which were based upon the defendant's conduct before a federal grand jury, failed to allege sufficient facts to establish the underlying jurisdiction for the grand jury investigation; and
3. Counts Three through Seven, which alleged perjury, failed to allege sufficient facts from which the falsity or materiality of the statements at issue could be determined.

On March 21, 2006, a grand jury returned a superseding indictment against the defendant. The charges contained against the defendant in the superseding indictment are the same as those contained against him in the original indictment, two counts of obstructing justice in violation of 18 U.S.C. § 1512(c)(2) and five counts of perjury in violation of 18 U.S.C. § 1623. The superseding indictment was apparently sought and issued in response to the Motion. In particular, the superseding indictment now

specifically alleges in Counts One and Two that the defendant obstructed justice by offering false testimony. The superseding indictment also now alleges in Counts Six and Seven that "the Grand Jury was engaged in the investigation of the death of a pretrial detainee, Ms. Tina Stiltner, and the investigation of her death, while she was in custody at the Buchanan County jail facility in Grundy, Virginia." The superseding indictment also alleges that, prior to being called before the grand jury, Hicks was informed that the grand jury was investigating "possible violations of federal criminal law involving the death of Tina Stiltner [and] the investigation of her death."

## *III. Analysis*

The defendant argues that the initial indictment issued against him was deficient as to Counts One and Two in that it failed to meet the standard set by *Russell v. United States*, 369 U.S. 749 (1962). In *Russell*, the Supreme Court recognized that, to be legally sufficient, an indictment must:

1. Contain the elements of the offense intended to be charged and sufficiently apprise the defendant of what he must be prepared to meet; and
2. In case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.

*Russell,* 369 U.S. at 763-64 (citations omitted). In *United States v. Missler*, 414 F.2d 1293, 1297 (4th Cir. 1969) (quoting *Martin v. United States*, 299 F. 287, 288 (4th Cir.

-4-

1925)), the Fourth Circuit stated the relevant inquiry as:

> Does [the indictment], under all of the circumstances of the case, tell the defendant all that he needs to show for his defense, and does it so specify that with which he is charged that he will be in no danger of being a second time put in jeopardy?

Hicks has not argued that Counts One and Two of the initial indictment did not set forth the necessary elements of the offense charged. Instead, Hicks argues that Counts One and Two of the initial indictment did not apprise him of the conduct which the government alleges obstructed justice with enough specificity to allow him to plead either his conviction or acquittal in this case as a bar to a subsequent charge. While this may well have been true of the initial indictment, there has now been a superseding indictment returned against the defendant. In that superseding indictment, it is specifically alleged that the defendant obstructed justice by knowingly making material false statements in his sworn deposition and his discovery responses in the civil action and in his sworn testimony before the grand jury. That being the case, I find that the superseding indictment is sufficient under the standard set forth in *Russell*, and I will recommend that the court deny the Motion on this basis.

The defendant also argues that Counts Two, Six and Seven of the indictment against him should be dismissed because they are based upon conduct before a federal grand jury and the indictment does not sufficiently set forth the basis of the grand jury's jurisdiction. I can find no case law to support the defendant's argument on this issue. In support of his argument, the defendant has cited the cases of *United States v. Sarihifard*, 155 F.3d 301 (4th Cir. 1998) and *United States v. Littleton*, 76 F.3d 614 (4th Cir. 1996). *Littleton* simply stands for the proposition that to convict a person for

-5-

perjury, the government must show that the alleged false statement was material. *See Littleton*, 76 F.3d at 617-18. In *Sarihifard*, the defendant was charged with grand jury perjury and making a false statement to a government agency in violation of 18 U.S.C. § 1001. With regard to the false statement charge, the Fourth Circuit held that the government must prove that the false statement was material to a matter within the jurisdiction of the agency. *Sarihifard*, 155 F.3d at 306. *Sarihifard* does not stand for the proposition that an indictment for perjury before a grand jury is deficient if it does not specifically allege a factual basis establishing the grand jury's jurisdiction.

Nonetheless, I think that it is at least arguable that, if the defendant's statement must be proven to be material to be the basis for a conviction for perjury before the grand jury, then it must have been offered in a matter over which the grand jury had jurisdiction to act. Assuming this to be the case, however, the facts as alleged in the initial and superseding indictments provide a more than adequate basis from which to find that the grand jury was acting on a matter within its jurisdiction. The initial and superseding indictments both charge Hicks with perjury in the civil action in this court, a federal criminal offense over which the grand jury has clear jurisdiction to investigate and return indictments. *See United States v. Williams*, 504 U.S. 36, 48 (1992) (a grand jury can investigate merely on suspicion that the law is being violated). That being the case, I will recommend that the court deny the Motion on this basis.

The defendant also argues that Counts Three through Seven, which allege perjury, fail to allege sufficient facts from which the falsity or materiality of the statements at issue could be determined. At the hearing of this matter, defense counsel

-6-

conceded that each of these counts identified the alleged false statement and also alleged the falsity and materiality of the statement at issue. Defense counsel further conceded that an indictment for perjury was not deficient simply because it did not contain each of the facts which the government intended to use to prove the falsity or materiality of an alleged false statement. That being the case, I will recommend that the court deny the Motion on this basis.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Counts One and Two of the superseding indictment sufficiently apprise the defendant of the conduct which the government claims amounted to obstruction of justice so that the defendant may not be put in jeopardy a second time;
2. The initial and superseding indictments charge the defendant with perjury in a civil matter in this court, and, therefore, establish the jurisdiction of the grand jury's investigation; and
3. Defense counsel has conceded that Counts Three through Seven sufficiently alleged falsity and materiality.

## RECOMMENDED DISPOSITION

Based upon the above-stated reasons, the undersigned recommends that the

court deny the Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C) (West 1993 & Supp. 2005):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within ten days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, Chief United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time.

DATED: This 28th day of March, 2006.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE